IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHRISTOPHER LACCINOLE, *on behalf of himself and all others similarly situated*,<br><br>    Plaintiff,<br><br>v.<br><br>BANKERS HEALTHCARE GROUP, LLC d/b/a BHG FINANCIAL,<br><br>    Defendant. | CIVIL ACTION FILE NO. 5:25-CV-0367 (FJS/TWD)<br><br>**JURY TRIAL DEMANDED** |

## CLASS ACTION COMPLAINT

Plaintiff, Christopher Laccinole ("Plaintiff"), by counsel, hereby files his Class Action Complaint against Defendant Bankers Healthcare Group, LLC d/b/a BHG Financial ("Defendant"), as follows:

## INTRODUCTION

1. This is an action for statutory damages, punitive damages, attorneys' fees, and costs, brought pursuant to the Fair Credit Reporting Act, 15 U.S.C. §1681, *et seq*. ("FCRA").

2. Plaintiff is an individual and resides in Texas. The three national consumer reporting agencies – Equifax, Trans Union, and Experian ("CRAs") – all maintain credit files and issue consumer reports concerning Plaintiff. The information contained in Plaintiff's credit files and consumer reports is private.

3. Plaintiff is a "consumer" and Defendant is a "person" as those terms are defined, or otherwise used, by the FCRA. Defendant is a "user" of consumer reports as that term is used in the FCRA.

4. As set forth below, Defendant requested and obtained Plaintiff's consumer report, and, upon information and belief, the consumer reports of other consumers similarly situated ("Class" as defined in Paragraph 21 below), from one or more of the CRAs, including Trans Union LLC ("Trans Union"), without a permissible purpose under the FCRA (the "Impermissible Inquiry" or "Impermissible Inquiries"). Upon information and belief, Defendant requests and obtains such consumer reports for the purposes of marketing debt relief services or other products and services directly or through others. Defendant is aware of its obligation under the FCRA to have a permissible purpose to request consumer reports such as those described herein and has recklessly, or knowingly, violated the FCRA notwithstanding its knowledge of those obligations.

5. As a result of Defendant's wrongful access to Plaintiff's consumer report, and those of the Class, as described herein, Plaintiff, and the Class, have suffered an invasion of privacy.

6. Plaintiff, and the Class, suffered concrete harm as a result of Defendant's violations of the FCRA.

## PARTIES, JURISDICTION, AND VENUE

7. This is a class action brought under Fed. R. Civ. P. 23(a), (b)(1), (b)(3) and (c)(4).

8. At all times material to this action, Plaintiff was a resident of Texas.

9. At all times material to this action, Defendant was a Florida limited liability company with its financial headquarters located at 201 Solar Street, Syracuse, NY 13204.  Defendant does business in this District.

10. Defendant may be served with a copy of this Complaint and accompanying Summons by serving its registered agent, to wit: Albert Crawford, 10234 W. State Road 84, Davie, FL 33324.

11. The jurisdiction of this Court is conferred by the FCRA, 15 U.S.C. § 1681(p), and 28 U.S.C. § 1331.

12. Venue lies properly in this District and Division pursuant to 28 U.S.C. § 1391(b)(2).

13. Defendant is subject to the jurisdiction of this Court.

## FACTUAL ALLEGATIONS

14. Plaintiff lives and works in Texas.

15. On or about August 26, 2023, Defendant requested and obtained Plaintiff's consumer report from Trans Union.  A copy of the relevant section of Plaintiff's Trans Union credit file reflecting the request made by Defendant is attached hereto

3

as **Exhibit A**.  Defendant requested and obtained Plaintiff's consumer report for a so-called "promotional" offer of credit.  Upon information and belief, Defendant obtained consumer reports on the other members of the Class.   In the alternative, Defendant obtained one or more prescreened lists from Trans Union and/or the other CRAs concerning Plaintiff and the Class.  Under the FCRA, such prescreened lists constitute consumer reports.

16.     At the time Defendant requested and obtained Plaintiff's consumer report, and the consumer reports of the Class, Plaintiff, and the Class: (a) had not applied for credit with Defendant nor initiated any credit or business transaction involving Defendant; (b) had not applied for employment with Defendant; (c) had not applied for insurance with Defendant; (d) had not authorized Defendant to request and obtain their consumer reports for any reason; (e) did not have any open and/or closed accounts with Defendant; and (f) **did not thereafter receive any firm offers of credit from Defendant**.

17.     Upon information and belief, Defendant represented to Trans Union and/or the other CRAs that Defendant had a permissible purpose under Section 1681b(a) of the FCRA to request and obtain Plaintiff's consumer report, and the consumer reports of the Class.

18. Defendant violated the FCRA by requesting and obtaining Plaintiff's consumer report, and the consumer reports of the Class, without a permissible purpose under the FCRA.

19. As a result of Defendant's violations of the FCRA, Plaintiff was required to retain legal counsel to assist him.

## **CLASS ALLEGATIONS**

20. Plaintiff brings this action, individually and on behalf of all similarly situated individuals, as members of the following class:

> All consumers within the United States for whom Defendant requested and obtained a consumer report on such consumer within the two years prior to the filing of the Complaint through the conclusion of this case and to whom Defendant did not send such consumer a firm offer of credit.

21. The Plaintiff is a member of this Class. Specifically excluded from the Class are the following: (1) Defendant and any entity in which either has a controlling interest, and the officers, directors, employees, affiliates, legal representative, heirs, successors, subsidiaries, and/or assigns of any such individual or entity; and (2) any judge or judicial officer with responsibility over the management or resolution of this litigation and members of any such individual's immediate family.

22. The members of the Class are so numerous that joinder is impracticable. Based upon information and belief, and the allegations above about Defendant's use or sale of consumer reports for marketing campaigns, numerous consumers have been victims of Defendants' scheme.

23. Common (identical) questions of law and fact predominate over any questions solely affecting individual Class members. Among such common questions of law and fact are the following:

    A. Whether Defendant has systematically engaged in the long-term illegal practice of accessing and/or misusing consumer credit reports without a permissible purpose under the FCRA.

    B. Whether Defendant knowingly and/or negligently accessed the Class members' consumer credit reports without a permissible purpose under the FCRA.

    C. Whether Defendant knowingly and/or negligently resold the Class members' consumer reports to third parties that lacked a permissible purpose for them under the FCRA.

24. Plaintiff's individual claims are typical of the respective Class members' claims because the claims all share the same legal basis for recovery, the same predicate facts to liability, and the same basic relief sought. The Class claims are, in fact, identical.

25. Plaintiff will fairly and adequately protect the interests of the Class members. Plaintiff has no interest antagonistic to those of other Class members, and Plaintiff has retained attorneys experienced as counsel in class actions, consumer protection, and complex litigation. These attorneys will vigorously prosecute the class claims.

26. A class action is superior to the other available methods for the fair and efficient adjudication of this controversy for at least the following reasons, among others:

A. Given the small size of individual Class members' claims (between $100 and $1000 in statutory damages) and the expense of litigating those claims (the cost of filing individual suit would likely exceed $100), few, if any, Class members could afford to, or would seek, legal redress individually for the wrongs Defendant has committed against them, and absent class members have no substantial interest in controlling the prosecution of individual actions. No such individual actions in Florida are known to be pending as of the date of filing this Complaint.

B. When the liability of Defendant has been adjudicated, claims of all Class members can be administered efficiently and/or determined by the Court. This conclusion follows from, among other facts, the fact that all class members assert identical claims under the FCRA and seek identical relief. Moreover, the Class

consists of a definite group of consumers over a finite period of time, making the efficient administration of claims post-certification and/or trial.

C.     Based on these same facts, among others, the Class action will promote an orderly and expeditious administration and adjudication of this dispute. This class action will foster economies of time, effort, and resources. This class action will ensure uniformity of decisions. It is therefore desirable to concentrate the claims as a class action in this forum. Otherwise, numerous consumers whom Defendant mistreated under the FCRA will go without legal remedy.

D.     Without this class action, the Class members will continue to suffer harm, and Defendant's unlawful conduct will be unaccounted for while Defendant continues to reap benefits of its unlawful activity.

27.    No difficulty will be encountered in the management of this litigation that would preclude its maintenance as a class action. Indeed, those harmed by Defendant can be readily identified through business records, including the very prescreened consumer lists and/or consumer reports at issue. Similarly, the proposed Class is objectively ascertainable by definite time, limited geography, and specific reference to records maintained by Defendant and the CRAs. Notice and claims administration can therefore be managed efficiently and accurately.

28.    The prosecution of separate actions by or against individual members of the Class would create the risk of (i) inconsistent or varying adjudications with respect

to individual members of the Class, which could establish incompatible standards of conduct for the party opposing the Class; and/or (ii) adjudications with respect to individual members of the Class that would, as a practical matter, be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests.  Notice can be provided to members of the Class by regular U.S. Mail, among other means that satisfy due process and practical concerns.

## COUNT ONE:

### Defendant's Willful Violations of the FCRA

29.     Plaintiff restates each of the allegations in the preceding paragraphs as if set forth herein.

30.     Defendant willfully violated the FCRA by knowingly, or recklessly, requesting and obtaining Plaintiff's consumer report, and those of the Class, without a permissible purpose set forth in Section 1681b of the FCRA.

31.     As a result of Defendant's willful violations of the FCRA, Plaintiff, and the Class, have been damaged as set forth above including invasion of their privacy.

32.     Pursuant to 15 U.S.C. § 1681n, Defendant is liable to Plaintiff and the Class for damages as set forth above and, in an amount, to be determined by the jury.

33.     Pursuant to 15 U.S.C. § 1681n, Defendant is liable to Plaintiff and the Class for statutory and punitive damages as a result of its willful violations of the FCRA.

34. Pursuant to 15 U.S.C. § 1681n, Defendant is liable to Plaintiff and the Class for his reasonable attorneys' fees and costs.

   WHEREFORE, Plaintiff requests that this Court:

   a. Appoint Plaintiff's counsel as counsel for the Class;

   b. Appoint Plaintiff as representative for the classss;

   c. Certify the Class;

   d. Enter judgment in favor of Plaintiff and the Class for statutory damages, punitive damages, attorney's fees and costs; and,

   e. Award such other relief to Plaintiff and the Class as the Court may deem just and proper.

**TRIAL BY JURY IS DEMANDED.**

Dated: March 25, 2025.

                                                Respectfully submitted,

                                              **GOODWIN LAW FIRM**

                                              /s/ Brian R. Goodwin, Esq.
                                              Brian R. Goodwin, Esq.
                                              75 South Clinton Square
                                              Suite 510 - 6955
                                              Rochester, NY 14604
                                              585-353-7084
                                              Brian@goodwin-lawfirm.com

                                              **LOVE CONSUMER LAW**

                                              John A. Love*

FL Bar No. 67224
2500 Northwinds Parkway
Suite 330
Alpharetta, GA  30009
404.855.3600
tlove@loveconsumerlaw.com

Max S. Morgan, Esquire*
**THE WEITZ FIRM, LLC**
1515 Market Street, #1100
Philadelphia, PA 19102
Tel: (267) 587-6240
Fax: (215) 689-0875
max.morgan@theweitzfirm.com

*Attorneys for Plaintiff*

\**Pro Hac Vice* Petition to be filed